

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Edgar Hutchins
County Attorney, Hunt County
Greenville, Texas

Dear Sir:                              Opinion No. 0-7127

                                       Re: Construction of Article 2772,
                                           R. C. S., with reference to
                                           title of real property of in-
                                           dependent school districts.

          Your request for opinion has been received and care-
fully considered by this Department. We quote from your request
as follows:

          "I am writing to ask your opinion on the follow-
ing question:

          "'Should title to all real estate in an Independ-
ent School District which was purchased with public
school money and is used for school purposes be vested
in the Board of Trustees of the Independent School Dis-
trict'?

          "Article 2772 RCS provides that the title to all
property 'held, set aside or in anyway dedicated to
the use and benefit of the public free schools of such
city and town, including property heretofore acquired
as well as that which may be hereafter acquired, shall
be vested in the Board of Trustees and their successors
in office, in trust for the use and benefit of the pub-
lic free schools in such city and town'. A situation
has arisen in this county and my office has been asked
for an official ruling upon the question listed above.
The school district in mind and the boundaries of the
city are the same and the City Council has the author-
ity to appoint the school trustees and also to levy
and assess taxes for the school district. The school
district has recently voted bonds to acquire a site
for the erection of a new school building and the deed
to the site was made to the city rather than to the
Trustees of the Independent School District. The school
also owns other properties in which title to the prop-
erty is vested in the city.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Edgar Hutchins, page 2

"It is my opinion that under the express provi-
sions of Article 2772 RCS title to this property should
be vested in the Trustees of the Independent District
and that the City council should re-deed the property
to the Trustees of said District in accordance with
this Article."

Article 2772, R. C. S., reads as follows:

"Article 2772.  Property Vested in Trustees.--
In every city or town in this State which has or may
assume the exclusive control and management of pub-
lic free schools within its limits, and which has or
may determine that such exclusive control and manage-
ment shall be in a board of trustees, and organized
under an act of the Sixteenth Legislature, approved
April 3, 1879, and acts amendatory thereto, the title
to all houses, lands and other property owned, held,
set apart, or in any way dedicated to the use and
benefit of the public free schools of such city or
town, including property heretofore acquired as well
as that which may hereafter be acquired, shall be
vested in the board of trustees and their successors
in office, in trust for the use and benefit of the
public free schools in such city or town; and such
board of trustees shall have and exercise the exclu-
sive control and management of such school property,
and shall have and exercise the exclusive possession
thereof for the purpose aforesaid; provided, that
where trustees are named other than the municipal
corporation itself, in any instrument conveying,
donating, bequeathing or devising any money or other
property, real or personal, for the benefit of any
city or town, this law shall not interfere in any
manner with the title or authority of such trustees
to or over such money or other property.  Such board
of trustees shall constitute a body corporate, and
shall have full power to protect the title, posses-
sion and use of all such property within the limits
of such city or town, and may bring and maintain
such suit or suits in law or in equity in any court
of competent jurisdiction when necessary to recover
the title or possession of any such property that may
be adversely held or seized, or to prevent any tres-
pass upon or injury to such property; provided, that

Honorable Edgar Hutchins, page 3

the provisions of this article shall not apply to lands belonging to the State upon which houses for school purposes have been built without authority from the State."

The case of Houston v. Gonzales Independent School District, 202 S. W. 963, Tex. Civ. App., 229 S. W. 467, Tex. Sup. Ct., held that neither the above-quoted Article, changing title of independent district school property from the mayor to the school trustees, nor the special act creating the Gonzales Independent School District, and extending the boundary and changing the title to its trustees, violated the Bill of Rights, Sections 16 and 19, as infringing on the proprietary rights of the City of Gonzales, which had assumed control over its schools under Article 3792, Rev. St. of 1879.

Article 2773, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Article 2773. Sale of School Property.-- Any houses or lands held in trust by any city or town for public free school purposes may be sold for the purpose of investing in more convenient and desirable school property, with the consent of the State Board, by the board of school trustees of such city or town; and, in such case, the president of the school board shall execute his deed to the purchaser for the same, reciting the resolution of the State Board giving consent thereto and the resolution of the board of trustees authorizing such sale."

There being nothing to the contrary stated in your letter, we assume that the Board of Trustees of the Independent School District was organized under the act referred to in Article 2772, supra, or an amendment thereto.

It is clear from the above-cited authorities, under the facts stated and assumed, that title to the property inquired about is vested in the Board of Trustees of the Independent School District and their successors in office, in trust for the use and benefit of the public free schools of such city, irrespective of the fact that the record title was erroneously taken in the name of the city instead of in the name of the Board of Trustees as the

Honorable Edgar Hutchins, page 4

statute provides. However, the fact that the record title is in the city is more or less immaterial, as the city can neither legally control the property nor validly convey the title away from the Board of Trustees. However, if the record title is desired in the Board of Trustees, same could be obtained by proper conveyance from the city or by judgment in a trespass to try title suit.

Trusting that the above satisfactorily answers your inquiry, we are

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED MAR 20, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

WJF/JCP



APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN